DAISY TEMPLETON V. THE STATE.

No. 23022. Delivered January 10, 1945.
Rehearing Denied February 28, 1945.

The opinion states the case.

*Chas. Nordyke,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder without malice, and assessed a term of two years in the penitenitary.

There are no bills of exceptions in the record, and this appeal is presented to us based upon two propositions: (1) A defective indictment in that it is not charged therein what means appellant used in making the assault upon the person injured, and (2) the insufficiency of the testimony to show an intent to murder.

The indictment charged appellant, in part, as follows:

"* * * that on or about the 16th day of May, A. D. 1944, and anterior to the presentment of this Indictment, in the County

and State aforesaid, Daisy Templeton did then and there unlawfully and with malice aforethought, in and upon Johnnie Burks make an assault with the intent then and there to murder the said Johnnie Burks; against the peace and dignity of the State."

It has long been the settled law in Texas that an indictment for an assault with intent to murder need not allege the means used nor the manner of their use. See Branch's P. C., Sec. 1623, and cases there cited; also Art. 1160, Vernon's Ann. P. C., Para. 9, and cases there cited. We might also add that this indictment follows form 509, Willson's Criminal Forms.

The facts adduced by the State show that appellant and her husband had purchased some washing machines from the prosecutrix and her husband, and were running a laundry in a certain building in Brownwood, Texas. The two families were also using this building as living quarters. There was but one toilet in said building and it was located in the portion of this building occupied by prosecutrix, her husband, her daughter and her two-year-old baby. There had been some difference between the two women over some minor matters, and possibly the use of this toilet by appellant and her family, she claiming that the Burks family would leave for days at a time and keep the toilet locked up. The appellant's husband and two young boys were using the nearby garage as a toilet, and on the day of the shooting a sanitary inspector of the city came to the building, and, after an inspection, had ordered the garage cleaned up, and no further use thereof for such purposes. While the inspector was talking to appellant's husband about these matters they heard a shot, and, going into the house, it was there found that Mrs. Burks had been shot, and that the shot had gone into the lower part of her body and lacerated portions thereof; that a deep wound of about two and one-half inches in area had created what the doctor described as a dangerous condition. It is shown by witnesses that after a few words had passed between these two women, just prior to the shooting, appellant picked up a loaded 410 guage shot gun, walked into Mrs. Burks' room and said: "I am going to kill you, old lady Burks," and from about three feet away she shot Mrs. Burks with the 410 gauge shotgun just as she turned her side to appellant, that appellant then returned to her room and said: "I have been wanting to do that for a long time." The injured person was powder-burned, and some of the shot passed through the pelvic bone and went on out through the body. The doctor testifying that "there were innumerable gun shot openings where the shot had passed clear through her body."

154

Appellant proved by witnesses a good reputation as a peaceable law-abiding citizen, and showed that she had recently been in a bus wreck and had been injured and under the treatment of a doctor for a month. She claimed to have been so nervous and wrought up that she was not conscious of what she was doing in making this assault upon Mrs. Burks. The court submitted this matter to the jury under instructions which were not objected to by appellant's attorney, and the jury may have given such testimony partial credence when they found her guilty of an assault to murder without malice. However the intent to murder could have been predicated upon the statement made by appellant at the time, as well as her statement made just after the shooting, as well as her actions in the premises. We think the facts are sufficient to evidence such intent.

We find no error shown herein, and the judgment is therefor affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's motion for rehearing only renews the same propositions which were presented and dealt with on original submission. A review of the record has lead to no change in the conclusions expressed in our original opinion. Appellant insists that the evidence does not support the verdict upon the question of an intent to kill. For us to so hold would be arbitrarily ignoring evidence before the jury upon which the verdict could be properly predicated.

The motion for rehearing is overruled.